[Civil No. 2406. Filed November 21, 1925.]

[240 Pac. 1033.]

## SARATOGA CAFE, a Corporation, Appellant, v. E. H. LEMON, Appellee.

1. TRIAL—COURT HELD NOT TO HAVE ERRED IN FAILING TO DEFINE CONTRACT.—Where, in action to recover on contract, pleadings concisely and plainly presented controverted facts, and court stated to jury issues as made, existence of a contract being admitted, court did not err in absence of request, in failing to define a contract or state facts necessary to constitute one.

1. See 14 R. C. L. 795.

2. COSTS—DAMAGES NOT ASSESSED AGAINST APPELLANT AS FOR FRIVO-
   LOUS APPEAL, WHERE APPEAL IS PROSECUTED WITH REASONABLE
   EXPEDITION AND NOT TAKEN SOLELY FOR DELAY.—Damages will
   not be assessed against appellant as for frivolous appeal, where
   it appears that appeal was prosecuted with as reasonable expedi-
   tion as possible under the law and rules of court, and that it
   was not taken solely for delay.

See (1) 38 Cyc., p. 1686.   (2) 15 C. J., p. 282.

APPEAL from a judgment of the Superior Court of the County of Maricopa.   Richard Lamson, Judge. Affirmed.

Mr. Herman Lewkowitz, for Appellant.

Mr. William J. Fellows, for Appellee.

ROSS, J.—E. H. Lemon sued the Saratoga Cafe for a balance of wages as chef in the latter's restaurant.   He alleged a contract of employment by the week at $35 and a bonus of $5, "if plaintiff would stay for six months or more"; that he worked for defendant under said contract for fifty-four weeks, and was paid $35 per week, but was refused payment of the bonus, except the sum of $25, and that the balance due him after allowing credits was $245.   The defendant's answer admitted the employment and services thereunder as alleged, but denied that defendant agreed to pay any bonus.

The issues thus formed were tried before the court with a jury, and resulted in a verdict for plaintiff for $245, and judgment was entered accordingly. The appeal is from such judgment.

We are asked to reverse the case because the court failed to instruct the jury upon the law relating to the making of the alleged contract for bonus, upon which the cause of action was based.

The court stated to the jury fully and plainly the issues as made by the pleadings, the rules as to the burden of proof and preponderance of the evidence, the jury's duty to weigh the testimony and decide all questions of fact, but the court did not define a contract, or state the facts necessary to constitute a contract, and under the pleadings and the evidence we do not think it was essential, in the absence of a request therefor, that he should have done so. It was admitted there was a contract of employment; the only dispute being as to the amount of wages to be paid. Was it $35 or $40 if plaintiff stayed six months or more? It does not seem to us that any instruction could have presented the question to the jury more concisely or plainly than the statement of the controverted questions made by the pleadings.

Appellee asks the court to assess damages against the appellant and add them to the judgment as for a frivolous appeal. We would grant this prayer except for the fact that appellant seems to have prosecuted its appeal with as reasonable expedition as it could under the law and the rules of the court, and that we are not satisfied that the appeal was solely for delay.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.